### HILLS BROS. CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 23, 1903.)

No. 139.

1. CUSTOMS DUTIES—CLASSIFICATION—HALVED LEMONS IN BRINE.

Halved lemons in brine are "fruits in brine," within paragraph 559 in the free list of the tariff act of 1897, Act July 24, 1897, c. 11, Schedules G, N, 30 Stat. 172, 198 [U. S. Comp. St. 1901, pp. 1651, 1683], and not dutiable as lemon peel preserved, under paragraph 267, notwithstanding the brine renders the pulp inedible, and the only value is in the peel.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 113 Fed. 857.

Albert Comstock, for appellant.

D. Frank Lloyd, for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. The importations in controversy are halved lemons in brine, the lemons having been cut in two and im-

mersed in brine for the purpose of arresting decay during transportation. The effect of the brine, however, does not altogether prevent the decay of the pulp. When they arrive more or less of it has been lost, depending upon the length of the voyage, and, being permeated by the brine, the fruity part is inedible. The question presented by this appeal is whether such importations are to be classified under paragraph 267, paragraph 559, or paragraph 627, Tariff Act, July 24, 1897, c. 11, Schedules G, N, 30 Stat. 172, 198, 200 [U. S. Comp. St. 1901, pp. 1651, 1683, 1686]. Paragraph 267 reads as follows:

"Par. 267. Orange peel or lemon peel, preserved, candied, or dried, and cocoanut meat or copra desiccated, shredded, cut or similarly prepared, two cents per pound; citron or citron peel, preserved, candied or dried, four cents per pound."

Paragraphs 559 and 627 are provisions of the free list, and read as follows:

"Par. 559. Fruits, or berries, green, ripe or dried and fruits in brine, not specially provided for in this act."

"Par. 627. Orange and lemon peel, not preserved, candied or dried."

Lemons unhalved, immersed in brine, clearly would not be lemon peel preserved, even when decayed and inedible. Even if more or less decayed and inedible, they would aptly come under the designation of paragraph 559, and answer to the description of "fruits in brine." This would be so none the less, although they might be very poor fruit and of no value aside from the peel.

The court below held the importations dutiable as lemon peel upon the theory that when they arrived in this country they were useless as fruit. The judge said: "That which makes the lemon a fruit is gone, and nothing is left to be utilized but the lemon peel." This might be sound reasoning if the peel were not a part of the fruit. It is not ordinarily the valuable part, but it is as much a part of the fruit as the shell is the part of a nut. In United States v. Nordlinger, 121 Fed. 690, this court recently decided that citron rind prepared by cutting the citron in halves and removing the pulp was a fruit within the definition of "fruits, green, ripe or dried," under paragraph 704 of the free list of the tariff act of March 3, 1883, c. 121 (22 Stat. 519).

The suggestion that halved lemons in brine are imported merely for use as lemon peel, and are prepared in the form adopted by the importers to evade the duty on preserved lemon peel, has no force. As the court said in Merritt v. Welsh, 104 U. S. 701, 26 L. Ed. 898:

"Suppose this is true; has not a manufacturer a right to make his goods as he pleases? * * * Even if the duties are affected, there is a plain remedy. Congress can always adopt such laws and regulations as it may deem expedient for protecting the interests of the government."

It is questionable whether lemon peel immersed in brine is "preserved" in a commercial sense or within the meaning of paragraph 267, but, on the view we take of the case, it is unnecessary to decide the point.

The decision of the Circuit Court is reversed.